## SUPREME COURT.

THE WARDENS AND VESTRY OF ST. JAMES CHURCH agt. THE RECTOR, VESTRY AND WARDENS OF THE CHURCH OF THE REDEEMER.

When the same persons act in a double capacity, as *agents* or *trustees*, they must see to it that their transactions are fair and unexceptionable, as regards the rights of either of the parties they represent. If any motive of personal convenience or interest has been subserved, it will constitute a badge of *fraud*.

Where several persons acting for the Church of the Redeemer—the defendants, as *trustees*, presented an application to themselves as *trustees* of the Church of St. James—the plaintiffs, for pecuniary aid ; and the same persons acting for the plaintiffs, granted the application, and caused to be conveyed to the defendants, real estate, producing nearly two-thirds of the whole income of the plaintiffs, *without the payment of any consideration*, but for the sole purpose of affording pecuniary assistance gratuitously—*Held*, that the transaction was *destitute of honesty.*

And the order of this court permitting the conveyance constituted no *estoppel* in favor of the grantee, who had parted with nothing as the consideration for the deed. The order was not an adjudication between the parties, and had not the effect of *res adjudicata.*

*New York General Term November*, 1865.

*Before* INGRAHAM, *P. J.*, LEONARD *and* BARNARD, *Justices.*

*By the court*, LEONARD, J. Certain persons in February, 1853, became vestrymen in both of the church corporations,

which are the parties, plaintiff and defendant in this action. Without any consideration paid to the corporation of St. James, the majority of these vestrymen caused and procured certain real estate which belonged to that church to be conveyed to the Church of the Redeemer. The simple statement of these facts, so found by the court, without the support of other facts also found, establishes the fraudulent character of the conveyance.

Stating. the case with more precision, the Church of St. James had two wardens and seven vestrymen; the Church of the Redeemer had two wardens and eight vestrymen. Of these one of the wardens and six of the vestrymen of St. James were also vestrymen of the Church of the Redeemer; and one of the wardens and six of the vestrymen of the Church of the Redeemer, were also vestrymen of the Church of St. James. One of the wardens and two of the vestrymen of St. James only abstained from participating in the wrong. These church officers were the trustees of the temporal affairs of the respective corporations. It is a well settled principle that no man can deal with himself in two capacities. The conveyance to the Church of the Redeemer relieved those trustees who preferred to attend that church, from some part of the expense of sustaining it, and promoted the temporal welfare of the church which they found it most convenient for them to attend. By causing this conveyance to be made, they thereby, to some extent promoted their own personal convenience and interest.

When the same person acts in a double capacity as agent or trustee, he must see to it that the transaction is fair and unexceptionable, as regards the rights of either of the parties which he so represents. If any motive of personal convenience or interest has been subserved , it will constitute a badge of fraud.

Several persons acting for the Church of the Redeemer as trustees, presented an application to themselves as trustees of the Church of St. James, for pecuniary aid, and the same persons acting for the last named church granted the application, and caused to be conveyed to the applicant church

real estate producing nearly two-thirds of the whole income of the Church of St. James, without the payment of any price, but for the sole purpose of affording pecuniary assistance gratuitously.

The statement proves the transaction to be destitute of honesty.

The order of this court permitting the conveyance, constitutes no *estoppel* in favor of a grantee who has parted with nothing as the consideration for the deed. Without the authorization of the court, the grant of the real estate of a religious corporation is of no more value than waste paper, and the party injured would require no proof in such a case to establish its invalidity.

The order of the court gives the deed merely regularity of form, and renders additional proof necessary to overthrow it, as in other cases where an objection is raised to the validity of a deed.

The order is not an adjudication between the parties, and has not the effect of *res judicata*.

The statute of limitations was referred to at the argument of the appeal as a defense, but on an examination of the pleadings it appears that no such defense has been set up. The statute of limitations must be pleaded, or it is not available as a defense.

I see nothing to warrant the court in holding the cause of action to be stale.

The judgment should be affirmed, with costs.